**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

---

JULIO CESAR LOYO VEGAS,

Petitioner,

v. Case No. 2:26-cv-002890 KWR-JFR

WARDEN, *Otero County Processing Center*,
ACTING DIRECTOR,
*Immigration And Customs Enforcement*,
MARY DE ANDA-YBARRA, *El Paso Field Office Director for Detention and Removal, U.S. Immigration and Customs Enforcement,*
TODD BLANCHE, *Attorney General of the United States, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department Of Homeland Security*,

Respondents.

**ORDER DENYING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is a non-citizen in ICE custody. Petitioner received a bond hearing under 8 U.S.C. § 1226(a) and now challenges the immigration judge's weighing of the evidence and consideration of various factors. Having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is not well-taken and therefore is **DENIED**. To the extent the Court lacks jurisdiction, the Petition is dismissed without prejudice.

**BACKGROUND**

Petitioner is a citizen of Venezuela detained by ICE at the Otero County Processing Center in New Mexico. He was admitted into the United States on March 2, 2016 on a B-2 visa, with

authorization to remain in the United States until September 1, 2016. He asserts he has an application for asylum and withholding of removal pending since May 23, 2016. Doc. 1 at 7. On September 8, 2024, Petitioner was arrested for driving under the influence and was subsequently convicted. On July 23, 2026, ICE encountered and detained Petitioner. He was arrested pursuant to a warrant.

On August 10, 2026 Petitioner received a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a). The Immigration Judge denied Petitioner's bond request, based on the following:"Flight risk, visa overstay, speculative form of relief, application for work permission is expired and/or denied, and danger to the community. He has a 2024 DWI conviction." Doc. 6-4 at 1.

**DISCUSSION**

Petitioner challenges his bond determination and the immigration judge's flight risk determination. He asserts that the immigration judge erred by considering factors outside of the *Guerra* factors and mis-weighed the factors and his criminal history. He asserts that the record does not support a finding of flight risk. As explained below, the Court lacks authority to reconsider the immigration judge's discretionary flight risk determination.

Generally, the Court lacks jurisdiction to review a discretionary determination by an immigration judge in a bond decision. The release or bond decision by an immigration judge involves the weighing of evidence and is discretionary. § 1226(a); *Jennings v. Rodriguez,* 583 U.S. 281, 295 (2018). Discretionary bond decisions, such as the determination that a noncitizen is a flight risk, are generally not reviewable by a federal district court. 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under

this section regarding the detention of any alien or the revocation or denial of bond or parole."). "This provision precludes the Court from reviewing the IJ's decision that denied bond because Petitioner was a flight risk." *Mwangi v. Terry*, 465 F. App'x 784, 786–87 (10th Cir. 2012) ("Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction.") (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)); *Jennings,* 583 U.S. at 295 (explaining that § 1226(e) bars a challenge to a discretionary judgment or decision by the Attorney General regarding detention or release but does not preclude challenges to the statutory framework); *see also Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) ("Although we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision…"). Here, the immigration judge denied bond, reasoning that he is a flight risk. Petitioner clearly challenges the weighing of the evidence and the immigration judge's consideration of the *Guerra* factors in finding that Petitioner is a flight risk. The Court lacks authority to review the immigration judge's discretionary determination.

However, the Court has discretion to review constitutional violations. For example, a noncitizen is entitled at least to fundamental fairness at a bond hearing. "An alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). Here, Petitioner merely challenges the immigration judge's determination of a flight risk based on alleged errors in weighing the evidence and considering the *Guerra* factors. Petitioner fails to cite to authority that

this constitutes a due process violation, rather than a mere error in judgment to be addressed by the BIA.

Petitioner asserts that the immigration judge erred under *Guerra* and its progeny. At the bond hearing, the immigration judge must consider whether the detainee "is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *In Re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006). The immigration judge may also consider various discretionary factors, including:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*In Re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). The immigration judge has "broad discretion in deciding the factors that he or she may consider" and "may choose to give greater weight to one factor over others, as long as the decision is reasonable." *Id.* at 40. The burden is on the detainee to demonstrate that release on bond is warranted. *Id.* The BIA case law following *Guerra* has either broadened these factors or taken an expansive view of these factors, allowing the immigration judge to consider whether a detainee has a valid or credible sponsor and the immigration status of a sponsor. *See Matter of Dobrotvorskii*, 29 I. & N. Dec. 211, 213 (BIA 2025); *Matter of R-A-V-P-*, 27 I. & N. Dec. 803, 807 (BIA 2020). An immigration judge may also consider a detainee's immigration status and the likelihood that any application for relief will be granted. *Matter of R-A-V-P-*, 27 I. & N. Dec. at 807 (allowing immigration judge to consider a detainee's immigration status and likelihood that an application for relief, such as application for asylum, will be

approved). Here, the immigration judge did not err in considering Petitioner's immigration status and the likelihood of obtaining relief. To the extent the immigration judge erred, Petitioner failed to establish that this error constitutes a due process violation.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **DENIED**.[1]

____________/S/_______________________
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

[1] To the extent the Court lacks jurisdiction, the Petition is dismissed without prejudice.